THE HONORABLE TANA LIN

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11

JACQ NIENABER, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

OVERLAKE HOSPITAL MEDICAL CENTER,

    Defendant.

No. 2:23-cv-01159-TL

**DEFENDANT OVERLAKE HOSPITAL MEDICAL CENTER'S MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER RULE 12(B)(6) AND MOTION TO STRIKE CERTAIN CLAIMS UNDER RULE 12(F)**

NOTE ON MOTION CALENDAR: OCTOBER 11, 2024

WITH ORAL ARGUMENT

DEFENDANT OVERLAKE HOSPITAL MEDICAL CENTER'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND TO STRIKE CERTAIN CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ...........................................................................................................1

II.   STATEMENT OF FACTS .............................................................................................2

    A.    Second Amended Class Action Complaint ........................................................2

III.  LAW AND ARGUMENT .............................................................................................4

    A.    Legal Standard ...................................................................................................4

    B.    Public Website Browsing Activity is Not Actionable .......................................4

    C.    Plaintiff Still Fails to State a Negligence Claim (Count I) ................................5

    D.    Plaintiff Still Fails to State an Invasion of Privacy Claim (Count II) ................6

        1.    Plaintiff's Intrusion Upon Seclusion Claim Still Fails. ..........................7

        2.    Plaintiff's Public Disclosure Of Private Facts Claim Still Fails. ..........9

    E.    Plaintiff Still Fails to State a Breach of Implied Contract Claim (Count III) ........10

    F.    Plaintiff Still Fails to State an Unjust Enrichment Claim (Count IV) ..................12

    G.    The Court Should Dismiss or Strike Plaintiff's Breach of Fiduciary Duty and Violation of RCW 7.70 Claims Because They Exceed the Scope of This Court's Order ........................................................................................................13

    H.    Plaintiff Fails to State A Claim For Breach of Fiduciary Duty (Count V) ...........14

    I.    Plaintiff Fails to State a Violation of RCW §§ 7.70 *et seq.* (Count VII) ...............15

    J.    Plaintiff Still Fails To State A Claim For Violation Of The Electronic Communications Privacy Act ("ECPA") (Count VI) ............................................17

        1.    Plaintiff Fails To Allege Any Unlawful Interception. ..............................17

        2.    There Can Be No Civil Liability for Allegedly "Procur[ing]" or Aiding and Abetting an Alleged Interception Through the Pixels. ..........18

        3.    Plaintiff Fails To Allege Any Plausible Interception of "Contents"..........19

    K.    Plaintiff Still Fails to State a Violation of the WCPA (Count VIII) .....................20

IV.   CONCLUSION..............................................................................................................23

---

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS SECOND
AMENDED COMPLAINT AND TO STRIKE CERTAIN
CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)

ii

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Allen v. Novant Health*,
  No. 1:22-CV-697, 2023 WL 5486240 (M.D. N.C. Aug. 24, 2023) .........................................9

*Am. Hosp. Ass'n, et al. v. Xavier Becerra, et al.*,
  No. 4:23-cv-01110-P, 2024 WL 3075865 (N.D. Tex. June 20, 2024) .................................5, 9

*Armijo v. Yakima*,
  No. Cll-3114, 2012 WL 2576624 (E.D. Wash. July 3, 2012) .............................................7, 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................................................4, 20

*B.K. v. Eisenhower Med. Ctr.*,
  No. 23-2092, 2024 WL 878100 (C.D. Cal. Feb. 29, 2024) .............................................12, 17

*Beckington v. Am. Airlines, Inc.*,
  926 F.3d 595 (9th Cir. 2019) ..............................................................................................4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)..........................................................................................................4

*Buckley v. Santander Consumer USA, Inc.*,
  No. Cl 7-5813, 2018 WL 1532671 (W.D. Wash. Mar. 29, 2018) ...........................................7

*Burtch v. Milberg Factors, Inc.*,
  662 F.3d 212 (3d Cir. 2011)..............................................................................................20

*In re Carrier IQ, Inc., Consumer Privacy Litig.*,
  78 F. Supp. 3d 1051 (N.D. Cal. 2015) ................................................................................19

*Corona v. Sony Pictures Entm't, Inc.*,
  No. 14-CV-09600 RGK EX, 2015 WL 3916744 (C.D. Cal. June 15, 2023) .........................22

*Depot, Inc. v. Caring for Montanans, Inc.*,
  915 F.3d 643 (9th Cir. 2019) ..............................................................................................4

*Deteresa v. Am. Broad. Cos.*,
  121 F.3d 460 (9th Cir. 1997) ..............................................................................................8

*Dinerstein v. Google, LLC*,
  73 F.4th 502 (7th Cir. 2023) .............................................................................................21

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS SECOND
AMENDED COMPLAINT AND TO STRIKE CERTAIN
CLAIMS UNDER RULE 12(F)
(2:23-CV-1159-TL)

iii

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

*Doe v. Amgen, Inc.*,
    No. 2:23-cv-07448-MCS-SSC, 2024 WL 575248 (C.D. Cal. Jan. 29, 2024) ..........................8

*Doe v. Google LLC*,
    No. 23-cv-02431-VC, 2024 WL 3490744 (N.D. Cal. July 22, 2024) ...................................22

*Doe v. Meta Platforms, Inc.*,
    No. C22-3580, 2023 WL 5837443 (N.D. Cal. Sept. 7, 2023) ...........................................12, 22

*Expeditors Int'l of Wash. Inc. v. Santilla*,
    No. 2:20-cv-00349-LK, 2023 WL 8449165 (W.D. Wash. Dec. 6, 2025) ........................13, 14

*Facebook Internet Tracking Litig.*,
    140 F. Supp. 3d 922 (N.D. Cal. 2017) ...................................................................................19

*In re Facebook Internet Tracking Litig.*,
    263 F. Supp. 3d 836 (N.D. Cal. 2017) ...................................................................................17

*In re Facebook Priv. Litig.*,
    791 F. Supp. 2d 705 (N.D. Cal. 2011) ...................................................................................18

*Fero v. Excellus Health Plan, Inc.*,
    236 F. Supp. 3d 735 (W.D.N.Y. 2017) ..................................................................................22

*In re Google Cookie Placement*,
    806 F.3d 125 (3d Cir. 2014)............................................................................................18, 20

*In re Google, Inc. Privacy Policy Litig.*,
    58 F. Supp. 3d 968 (N.D. Cal. 2014) .....................................................................................9

*Gragg v. Orange Cab Co.*,
    942 F. Supp. 2d 1111 (W.D. Wash. 2013)............................................................................21

*Green v. eBay Inc.*,
    No. 14–1688, 2015 WL 2066531 (E.D. La. May 4, 2015).....................................................22

*Hammerling v. Google LLC*,
    No. 21-cv-09004-CRB, 2022 WL 17365255 (N.D. Cal. Dec. 1, 2022) ..................................8

*Hover v. GMAC Mortg. Corp.*,
    No. C16-1243-JLR, 2017 WL 1080968 (W.D. Wash. Mar. 21, 2017) ..................................13

*In re iPhone Application Litig.*,
    844 F. Supp. 2d 1040 (N.D. Cal. 2012) ..................................................................................9

*Khan v. Children's Nat'l Health Sys.*,
    188 F. Supp. 3d 524 (D. Md. 2016) ......................................................................................22

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS SECOND
AMENDED COMPLAINT AND TO STRIKE CERTAIN
CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)

iv

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

*King Cnty. v. Travelers Indem. Co.*,
    No. C14-1957 MJP, 2015 WL 1867098 (W.D. Wash. Apr. 23, 2015) ...................................16

*Kirch v. Embarq Mgmt. Co.*,
    702 F.3d 1245 (10th Cir. 2012) .........................................................................................18

*Kurowski v. Rush Sys. for Health*,
    659 F. Supp. 3d 931 (N.D. Ill. 2023) ................................................................................7, 9

*Lovell v. P.F. Chang's China Bistro, Inc.*,
    No. C14-1152RSL, 2015 WL 4940371 (W.D. Wash. Mar. 27, 2015) .................................11

*Low v. LinkedIn Corp.*,
    900 F. Supp. 2d 1010 (N.D. Cal. 2012) ...............................................................................9

*In re MCG Health Data Sec. Issue Litig.*,
    No. C22-0849, 2023 WL 3057428 (W.D. Wash. Mar. 27, 2023) .........................................12

*In re Mednax Services, Inc., Customer Data Security Breach Litig.*,
    603 F. Supp. 3d 1183 (S.D. Fla. 2022) ..............................................................................11

*Nichole Hubbard et. al. v. Google LLC et. al.*,
    No. 19-cv-07016-SVK, 2024 WL 3302066 (N.D. Cal. July 1, 2024) ...................................9

*In re Nickelodeon Consumer Priv. Litig.*,
    827 F.3d 262 (3d Cir. 2016).............................................................................................18

*Peavy v. WFAA-TV, Inc.*,
    221 F.3d 158 (5th Cir. 2000) ...........................................................................................18

*Pena v. GameStop*,
    670 F. Supp. 3d 1112 (S.D. Cal. 2023)..............................................................................17

*Poore-Rando v. U.S.*,
    C16-5094 BHS, 2017 WL 5756871 (W.D. Wash. Nov. 28, 2017) ........................................7

*Priv. Client Fiduciary Corp. v. Pham Singh Chopra*,
    No. 22-CV-00436-LK, 2023 WL 2372917 (W.D. Wash. Mar. 6, 2023) ..............................14

*Robertson v. GMAC Mortg. LLC*,
    982 F. Supp. 2d 1202 (W.D. Wash. 2013), *affirmed on other grounds* 702 Fed.
    App'x. 595 (2017), *certiorari denied* 138 S. Ct. 1289 (2018)................................................21

*Rodriguez v. Google LLC*,
    No. 20-CV-04688-RS, 2022 WL 214552 (N.D. Cal. Jan. 25, 2022)....................................20

DEFENDANT OVERLAKE HOSPITAL MEDICAL      v      BAKER & HOSTETLER LLP
CENTER'S MOTION TO DISMISS SECOND                       999 Third Avenue, Suite 3900
AMENDED COMPLAINT AND TO STRIKE CERTAIN           Seattle, WA  98104-4040
CLAIMS UNDER RULE 12(F)                               Telephone:  (206) 332-1380
(2:23-CV-01159-TL)

*Saeedy v. Microsoft Corp.*,
  No. C23-1104, 2021 WL 8828852 (W.D. Wash. Dec. 21, 2023)......................................12, 21

*In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*,
  45 F. Supp. 3d 14 (D.D.C. 2014) ..............................................................................22

*Seaton v. Mayberg*,
  610 F.3d 530 (9th Cir. 2010) ....................................................................................15

*Smith v. Facebook*,
  262 F. Supp. 3d 943 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018) ...............4, 5, 20

*Smith v. Facebook, Inc.*,
  745 F. App'x 8 (9th Cir. 2018) ..................................................................................20

*Steinberg v. CVS Caremark Corp., et al.*,
  899 F. Supp. 2d 331 (E.D. Pa. 2012) ............................................................................7

*Stevens v. Pierce Cnty.*,
  No. C22-5862-BHS, 2023 WL 5177915 (W.D. Wash. Aug. 11, 2023) ................................15

*Towles v. Dzurenda*,
  735 Fed. Appx. 440 (9th Cir. 2018)............................................................................15

*In re Toys Rus, Inc., Privacy Litig.*,
  No. 00-CV-2746, 2001 WL 34517252 (N.D. Cal. Oct. 9, 2001) .........................................19

*Webb v. Smart Document Sols., LLC*,
  499 F.3d 1078 (9th Cir. 2007) ..................................................................................15

*Wilkerson v. Shinseki*,
  606 F.3d 1256 (10th Cir. 2010) ................................................................................15

*In re Zynga Privacy Litig.*,
  750 F.3d 1098 (9th Cir. 2014) ..............................................................................19, 20

**State Cases**

*Bundrick v. Stewart*,
  128 Wash. App. 11 (2005)......................................................................................16

*Doe v. Adams County Memorial Hosp., et al.*,
  No. 01D01-2311-PL000017 (Ind. Cir. Ct. July 10, 2024).....................................................11

*Doe v. Cedars-Sinai Health Sys. et al.*,
  No. 22STCV41085, 2024 WL 3303516 (Cal. Super. June 5, 2024) .........................................9

DEFENDANT OVERLAKE HOSPITAL MEDICAL     vi     BAKER & HOSTETLER LLP
CENTER'S MOTION TO DISMISS SECOND     999 Third Avenue, Suite 3900
AMENDED COMPLAINT AND TO STRIKE CERTAIN     Seattle, WA  98104-4040
CLAIMS UNDER RULE 12(F)     Telephone:  (206) 332-1380
(2:23-CV-01159-TL)

*Favors v. Matzke*,
  53 Wn. App. 789 (1989) ........................................................................................15

*Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*,
  105 Wn. 2d 778 (1986) ........................................................................................21

*Johnson v. Nasi*,
  50 Wn. 2d 87 (1957) ............................................................................................11

*Koker v. Armstrong Cork, Inc.*,
  60 Wn. App. 466 (1991) ........................................................................................6

*Ledcor Indus. (USA), Inc. v. Mutual of Enumclaw Ins. Co.*,
  150 Wn. App. 1 (2009) ........................................................................................21

*Lowman v. Wilbur*,
  178 Wn. 2d 165 (2013) ..........................................................................................5

*Mark v. King Broad. Co.*,
  27 Wn. App. 344 (1980) ........................................................................................8

*Moore v. Centrelake Med. Grp., Inc.*,
  83 Cal. App. 5th 515 (2022), *review denied* (Dec. 14, 2022) ............................22

*Wright v. Jeckle*,
  104 Wn. App. 478 (2001), *as amended on reconsideration in part* (Mar. 6,
  2001) ....................................................................................................................16

*Youker v. Douglas Cty.*,
  178 Wn. App. 793 (2014) ......................................................................................7

*Young v. Young*,
  164 Wn. 2d 477 (2008) ........................................................................................12

**Federal Statues**

18 U.S.C. § 1030 *et seq.*...........................................................................................1

18 U.S.C. § 2510 *et seq.*...................................................................................17, 19

18 U.S.C. § 2511(3)(a)..............................................................................................1

18 U.S.C. § 2520 *et seq.*..........................................................................................18

18 U.S.C. § 2551......................................................................................................18

18 U.S.C § 2702........................................................................................................1

**State Statutes**

RCW § 7.70 *et seq.* ................................................................................................. *passim*

RCW § 19.86.020 *et seq.* ........................................................................................20, 21

**Federal Rules**

Fed. R. Civ. P. 12(b)(6).............................................................................................1, 4

Fed. R. Civ. P. 12(f) ................................................................................................1, 14

Fed. R. Civ. P. 15(a)(2)................................................................................................13

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS SECOND
AMENDED COMPLAINT AND TO STRIKE CERTAIN
CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)

viii

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

## I. **INTRODUCTION**

Defendant Overlake Hospital ("Overlake") respectfully moves this Court for an order dismissing Plaintiff Jacq Nienaber's ("Plaintiff") Second Amended Class Action Complaint ("SAC") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Overlake also moves this Court for an order striking certain new claims pursuant to Rule 12(f), because Plaintiff failed to receive leave to add those new claims, and Overlake did not consent to the additional claims.[1]

As with her original complaint, Plaintiff's SAC alleges in conclusory fashion that Overlake's use of the Meta Pixel, Conversions Application Programming Interface, Google Tag Manager, and Google Analytics (collectively, the "Pixels") violates Plaintiff's privacy rights. Plaintiff summarily claims that the Pixels caused her protected health information ("PHI") and personally identifiable information ("PII") to be transmitted to Meta Platforms, Inc. ("Meta") and Google, LLC or Alphabet, Inc. ("Google"), and that the *public website browsing data* transmitted to Meta and/or Google as a result of the Pixels constitutes PHI and PII.

In her amended pleading, Plaintiff only added allegations regarding her browsing activities on Overlake's *public facing website,* and *removed* certain allegations related to the patient portal. SAC ¶ 27. Plaintiff also added conclusory allegations without factual support regarding the alleged disclosure of PHI. *Id*., *e.g.*, ¶¶ 21, 28-31, 47, 48, 51.

Plaintiff notably did not re-assert two of her three prior causes of action for violations of the ECPA, 18 U.S.C. § 2511(3)(a) and § 2702, and she also did not re-assert her prior cause of action under the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030, *et seq*. Instead, Plaintiff impermissibly asserts for the first time, without leave to amend, two new causes of action: breach of fiduciary duty and violation of Washington Rev. Code Ann. §§ 7.70, *et seq*.

Overlake respectfully asks the Court to see through the deficient allegations of the SAC and moves the Court to dismiss Plaintiff's SAC *with prejudice* under Rule 12(b)(6).

---

[1] On June 22, 2024, Plaintiff filed a first amended complaint ("FAC"). *See* Dkt. 36. After the parties met and conferred regarding Defendant's motion to dismissing Plaintiff's' FAC, Defendant agreed to allow Plaintiff to file a SAC. Defendant did <u>not</u> allow Plaintiff to plead new causes of action or allege new technologies in the SAC.

DEFENDANT OVERLAKE HOSPITAL MEDICAL CENTER'S MOTION TO DISMISS AND TO STRIKE CERTAIN CLAIMS UNDER RULE 12(F) (2:23-CV-01159-TL)

1

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

## II.      STATEMENT OF FACTS

### A.      Second Amended Class Action Complaint

Plaintiff's SAC is the latest of numerous putative class actions that have been filed against healthcare providers nationwide based on the ubiquitous practice of using third-party analytics technologies, namely the Meta Pixel and Google Analytics, on their *public websites*. Overlake is a nonprofit healthcare organization that owns and operates Overlake Hospital Medical Center in Bellevue, Washington. SAC ¶ 61. Overlake maintains the public website www.overlakehospital.org. *Id*. ¶¶ 2, 61-62. The Overlake public website provides a wide variety of information and conveniences to patients, families, employees, medical professionals, medical students, charitable donors, and the public at large. *Id*.

Nothing in Plaintiff's amended pleading cures the core deficiencies identified in the Court's Order. Dkt. 32. Most importantly, the SAC still involves ***only browsing activities on Overlake's publicly facing website***, not the secure patient portal that allows patients to access portions of their private health information.

There is still not a single well-pled fact throughout the entire SAC plausibly establishing that any information within the portions of the secure portal was transmitted or that any third-party source code was even installed within the portal. Passing references to the patient portal (SAC ¶¶ 2, 46) are insufficient and fail to establish Plaintiff's PHI was transmitted.

The other changes are summarized as follows:

1. Plaintiff added allegations regarding her own medical circumstances and her browsing activities on Overlake's *public website only*. *Id*. ¶¶ 45-49.

2. Plaintiff removed allegations regarding the private patient portal.

3. Plaintiff added conclusory allegations regarding advertisements she saw on Facebook and Instagram, speculating they had something to do with her browsing activities on the Overlake public site. *Id*. ¶¶ 57, 58.

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS AND TO STRIKE
CERTAIN CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)

2

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

4.  Plaintiff added a conclusory allegation that she "believe[s]" Instagram, Facebook, and "other unauthorized third-parties" received her "Private Information." *Id*. ¶¶ 59, 197.

5.  Plaintiff added conclusory and irrelevant allegations regarding the alleged value of PHI for "[c]ompanies, like Facebook, Google, Microsoft, and other tech and data focused businesses" (not Overlake), and that Plaintiff did not agree to sell her data. *Id*. ¶¶ 122-128.

6.  Plaintiff added conclusory allegations regarded her alleged injuries. *Id*. ¶¶ 191, 192.

7.  Plaintiff impermissibly added new claims for breach of fiduciary duty and violation of RCW §§ 7.70 *et seq*., as noted.

8.  Plaintiff impermissibly added new allegations regarding the alleged use of a new technology, Google Analytics (the original complaint and FAC included allegations concerning the Meta Pixel only). *Id*. ¶¶ 1, 3, 24, 35, 48, 121, 187, 212, 240, 242, 256, 259-263.

Plaintiff still fails to plead facts showing that any PHI was plausibly transmitted to any third party. The SAC merely alleges that Plaintiff conducted searches on Overlake's public website. *Id*. ¶¶ 45, 46. But conducting a search on Overlake's public website does not convey whether the website user is a patient or whether the search is even related to that individual. As the Court previously held: "[T]he disclosure of browsing activity on a publicly available website that does not relate to 'to the past, present, or future physical or mental health or condition of an individual is not actionable." Dkt. 32 at 9:19-21.

Plaintiff's SAC adds a paragraph describing her medical history (SAC ¶ 45), but no facts showing that this medical history was disclosed to any third party. In fact, Plaintiff does not even plead facts showing that she researched those specific medical conditions; instead, Plaintiff adds a vague and conclusory allegation that she "research[ed] her medical conditions and symptoms" on the public website, including the phrase "passing out," "identif[ied]" treatment options available to her," "pa[id] bills," "research[ed] particular specificalities," used the "telephone link"

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS AND TO STRIKE
CERTAIN CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)

3

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

1  to call "specialists," "communicate[d] her sensitive healthcare information," used the patient portal
2  to "communicate[] with medical providers, review messages relates to her medical care and
3  conditions, and reviewed test results," (*id*. ¶ 46), and otherwise concludes, without supporting
4  facts, that she "communicated her PHI, including … the fact that she was seeking and received
5  medical treatment from" (unspecified) doctors. *Id*. ¶ 47.

6       Plaintiff's use of artful pleading to create the false impression, without supporting facts,
7  that Overlake has shared public website users' PHI with third parties, does not save the SAC. As
8  addressed below, Plaintiff's SAC fails to allege facts sufficient to satisfy elements of each of her
9  eight (8) claims (two of which were improperly added without leave to amend). Accordingly,
10  Plaintiff's SAC should be dismissed *with prejudice*.

11  ## III.  LAW AND ARGUMENT

12  ### A.  Legal Standard

13       Rule 12(b)(6) provides for dismissal if a complaint fails to state a claim upon which relief
14  can be granted. To survive a motion to dismiss, the complaint "must contain sufficient 'well-
15  pleaded, nonconclusory factual allegation[s],' accepted as true, to state 'a plausible claim for
16  relief.'" *Beckington v. Am. Airlines*, *Inc.*, 926 F.3d 595, 604 (9th Cir. 2019) (quoting *Ashcroft v.
17  Iqbal*, 556 U.S. 662, 679-80 (2009)). Factual allegations must be enough to raise a right to relief
18  above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal
19  is appropriate when the complaint lacks a "cognizable legal theory" or sufficient factual allegations
20  to "support a cognizable legal theory." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643,
21  652-53 (9th Cir. 2019).

22  ### B.  Public Website Browsing Activity is Not Actionable

23       This Court made clear "the disclosure of browsing activity on a publicly available website
24  that does not relate to 'to the past, present, or future physical or mental health or condition of an
25  individual is not actionable." Dkt. 32 at 9:19-21. In so ruling, the Court rightly relied on *Smith v.
26  Facebook*, 262 F. Supp. 3d 943, 954 (N.D. Cal. 2017), aff'd, 745 F. App'x 8 (9th Cir. 2018)
27  ("*Smith I*"), which holds "[i]nformation available on publicly accessible websites stands in stark

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS AND TO STRIKE
CERTAIN CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)

4

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

contrast to the personally identifiable patient records and medical histories protected by these statutes." *Id.* And recently, the Northern District of Texas vacated the very rule on which Plaintiff bases her case, *i.e.*, that IP addresses constitute individually identifiable health information, or as Plaintiff describes, "PHI." *Am. Hosp. Ass'n, et al. v. Xavier Becerra, et al.*, No. 4:23-cv-01110-P, 2024 WL 3075865 (N.D. Tex. June 20, 2024) ("*AHA Decision*"). Compare *AHA Decision*, 2024 WL 3075865 with Dkt. 50 at ¶¶ 119, 149-157. The *AHA Decision* further underscores that public website browsing is not actionable, not even under Health Insurance Portability and Accountability Act's ("HIPAA") regulatory framework. 2024 WL 3075865 at *12-14 (holding that public website browsing data is *not* individually identifiable health information).

The SAC removed specific allegations related to the MyChart patient portal, and now involves only browsing activities on Overlake's *publicly* facing website. *Compare* Dkt. 1, ¶¶ 228, 232, 255 (allegations of misconduct related to the MyChart patient portal) *with* Dkt. 49 (removal of those allegations). Because public website browsing data does not relate to "to the past, present, or future physical or mental health or condition of an individual" (Dkt. 32 at 9:19-21), each of Plaintiff's claims should be dismissed without leave to amend. *Id.*

## C.   <u>Plaintiff Still Fails to State a Negligence Claim (Count I)</u>

To state a claim for negligence, a plaintiff must establish duty, breach, injury and proximate causation. *Lowman v. Wilbur*, 178 Wn. 2d 165, 170 (2013). Because Plaintiff still fails to establish breach and cognizable damages, the Court should dismiss the negligence claim without leave to amend. In its Order dismissing the negligence claim for failure to establish breach, the Court held:

> Plaintiff has not made specific allegations as to what information she gave to Defendant, and what information Defendant in turn shared with third parties, nor has she alleged that Defendant shared information that can be used to readily identify her. . . While Plaintiff has made hypothetical allegations of information-sharing, Plaintiff must plead facts showing (or supporting the inference) that *her* PHI was shared with Defendant and by Defendant to third parties.

Dkt. 32 at 15:7-14 (emphasis original).

Plaintiff has still failed to specify "what information she gave to Defendant, and what information Defendant in turn shared with third parties." *Id.* at 15:9-10. There are no facts pled

DEFENDANT OVERLAKE HOSPITAL MEDICAL CENTER'S MOTION TO DISMISS AND TO STRIKE CERTAIN CLAIMS UNDER RULE 12(F) (2:23-CV-01159-TL)

5

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

showing that anyone's (let alone Plaintiff's) medical records have been disclosed to any third party or that a single diagnosis, treatment, or medication has been disclosed to any third party. Plaintiff merely added a paragraph describing her medical history (SAC ¶ 45), a general description of what she browsed on the public website (*id*. ¶ 46), and a conclusion that PHI was transmitted (*id*. ¶ 48). These new allegations are insufficient to establish a breach.

Separately, Plaintiff still fails to plead facts showing that "Defendant shared information that can be used to readily identify her," as required. Dkt. 32 at 15:10-11. Plaintiff does not even plead facts showing how the Pixels were configured on the *public website* such that PHI readily identifying Plaintiff would have been disclosed to Meta and/or Google.

Plaintiff also adds a conclusory allegation that "[d]irectly after using [Overlake's public] Website *in relation to* [a medical event], Plaintiff saw targeted advertisements on her Facebook and Instagram accounts" that also were purportedly "related" to such medical event. SAC ¶ 57 (emphasis added). This new allegation is not relevant to the operative question of how Overlake breached any duty to Plaintiff. As the Court previously instructed, such a conclusory and speculative allegation is insufficient to establish breach.

In regard to damages, the Court previously dismissed Plaintiff's negligence claim on the ground that Plaintiff failed to plead *facts* demonstrating "heightened risk of future identity theft, loss of privacy with respect to highly sensitive information, loss of time, and risk of embarrassment." Dkt. 32 at 16:1-6. In fact, Plaintiff must plead facts showing "with reasonable probability" that she will actually suffer the feared harm. *Koker v. Armstrong Cork, Inc*., 60 Wn. App. 466, 482 (1991). Plaintiff still does not plead such facts.

### D.    Plaintiff Still Fails to State an Invasion of Privacy Claim (Count II)

It appears Plaintiff again promotes two common law invasion of privacy theories – intrusion upon seclusion and public disclosure of private facts. The SAC does not cure the deficiencies the Court previously identified in the original complaint. Accordingly, the invasion of privacy claim should be dismissed without leave to amend.

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS AND TO STRIKE
CERTAIN CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)

6

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

1

### 1.    *Plaintiff's Intrusion Upon Seclusion Claim Still Fails.*

2      "To prevail on an intrusion on seclusion claim, a plaintiff must prove that the defendant (1)

3   deliberately intruded; (2) into the plaintiff's solitude, seclusion, or private affairs; (3) in a manner

4   that would be highly offensive to a reasonable person." *Armijo v. Yakima*, No. Cll-3114, 2012 WL

5   2576624, *2 (E.D. Wash. July 3, 2012) (citation omitted).

6      In previously dismissing Plaintiff's invasion of privacy claim for intrusion upon seclusion,

7   the Court held: "Because Plaintiff voluntarily shared her information with Defendant, there was

8   no *intrusion* upon Plaintiff's solitude, seclusion, or private affairs by Defendant." Dkt. 32 at 18:2-

9   4 (emphasis original). Like Plaintiff's original complaint, Plaintiff's SAC bases her intrusion upon

10  seclusion claim on allegations that she voluntarily shared her information with Overlake. SAC ¶¶

11  46, 47. Because such voluntary sharing is fatal to Plaintiff's intrusion upon seclusion claim, the

12  claim should be dismissed *with* prejudice, as a matter of law. *Accord. Poore-Rando v. U.S.*, C16-

13  5094 BHS, 2017 WL 5756871, at *2 (W.D. Wash. Nov. 28, 2017) ("[A]n actor commits an

14  intentional intrusion only if he believes, or is substantially certain, that he lacks the necessary legal

15  or personal permission to commit the intrusive act."); *Kurowski v. Rush Sys. for Health*, 659 F.

16  Supp. 3d 931, 944 (N.D. Ill. 2023) ("The actual intrusion upon patients' seclusion, via interception

17  of their communications, is carried out by third parties."); *see also Buckley v. Santander Consumer*

18  *USA, Inc.*, No. Cl 7-5813, 2018 WL 1532671, at *7 (W.D. Wash. Mar. 29, 2018) ("Because

19  Santander allegedly financed Buckley's vehicle purchase, Santander possessed the necessary legal

20  permission to acquire Buckley's personal information. To the extent that Buckley complains that

21  Santander deliberately passed this information along to an unauthorized third party, that is not a

22  claim for intrusion but rather disclosure."); *Steinberg v. CVS Caremark Corp., et al.*, 899 F. Supp.

23  2d 331, 342–43 (E.D. Pa. 2012) (finding no intrusion upon seclusion claim can be brought where

24  defendant legitimately obtains information from a plaintiff, even if the facts are later disclosed to

25  a third party).

26     Separately, Plaintiff has still failed to allege any conduct that is "highly offensive" to a

27  person with ordinary sensibilities, as required. *Youker v. Douglas Cty.*, 178 Wn. App. 793, 797

---

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS AND TO STRIKE
CERTAIN CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)

7

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

(2014). In determining the degree of offensiveness, "courts consider, among other things: 'the degree of the intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded.'" *Deteresa v. Am. Broad. Cos.*, 121 F.3d 460, 465 (9th Cir. 1997) (citation omitted); *Mark v. King Broad. Co.*, 27 Wn. App. 344, 355 (1980) ("This form of invasion of privacy is actionable only if the interference with a plaintiff's seclusion is a substantial one resulting from conduct of a kind that would be highly offensive and objectionable to the ordinary person.") (quotation omitted).

The conduct alleged in the SAC falls short of this high bar. There are no factual allegations establishing anything that Overlake may have done, or any information Overlake may have transmitted to Meta and/or Google, that would demonstrate a "highly offensive . . . degree of []] intrusion," let alone allege sufficient "context" regarding the "intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded,'" especially in the context of *public website browsing*. *Deteresa*, 121 F.3d at 465; *Doe v. Amgen, Inc.*, No. 2:23-cv-07448-MCS-SSC, 2024 WL 575248, at *2 (C.D. Cal. Jan. 29, 2024) ("It is not enough for Plaintiff to plead conclusory allegations that Defendant violated her privacy without offering any facts that her information was collected and then improperly disclosed to unauthorized third parties."). The crux of Plaintiff's allegations against Overlake is that it embedded Meta's and Google's proprietary tracking technologies, which then allegedly used some unidentified information about users of Overlake's public website to provide advertising about services that may be of interest to her. SAC ¶¶ 16, 17, 28, 37, 57, 127, 160. Because Plaintiff fails to allege facts showing that Overlake engaged in highly offensive conduct, it is appropriate for the Court to dismiss this claim *with prejudice. See Hammerling v. Google LLC*, No. 21-cv-09004-CRB, 2022 WL 17365255, at *8-9 (N.D. Cal. Dec. 1, 2022) (dismissing intrusion upon seclusion claim because the tracking of plaintiff's bank, where she kept her investments, what car she drove, where she reads her news, interests, use of apps, and that she was physically active, is not highly offensive).

---

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS AND TO STRIKE
CERTAIN CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)

8

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

Similarly, in *In re Google, Inc. Privacy Policy Litig.*, the Northern District of California found no highly offensive conduct when plaintiffs alleged that Google tracked their browsing data while using Google's services. 58 F. Supp. 3d 968, 987–88 (N.D. Cal. 2014). *See also Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012) (LinkedIn's disclosure of users' browser history to third parties was not highly offensive); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1060, 1063 (N.D. Cal. 2012) (disclosures of unique device identification number, personal data, and geolocation information without consent were not an egregious breach of social norms).

The *Kurowski* court also explained that a similarly situated patient's alleged online communications were "not protected private health information," even if they "identifie[d] an individual patient by name." 659 F. Supp. 3d at 941, 944. On this separate ground, *Kurowski* granted the healthcare provider's motion to dismiss the plaintiff's intrusion upon seclusion claim. *Id*. at 944; *id*. at 938; *see also Allen v. Novant Health*, No. 1:22-CV-697, 2023 WL 5486240, at *2 (M.D. N.C. Aug. 24, 2023)   (dismissing a similar invasion of privacy claim "[b]ecause the plaintiffs acknowledge in the complaint that they voluntarily provided their information directly to the [medical provider]."); *Nichole Hubbard et. al. v. Google LLC et. al.*, No. 19-cv-07016-SVK, 2024 WL 3302066 at *11 (N.D. Cal. July 1, 2024) ("Contemporary internet browsing involves the collection of users' data, including by tracking users across the internet, <u>and a reasonable user should expect as much</u>.") (emphasis in original); *Doe v. Cedars-Sinai Health Sys. et al.*, No. 22STCV41085, 2024 WL 3303516, at *4 (Cal. Super. June 5, 2024) ("IP addresses, webpages, and doctors' names are not confidential communications. . . [T]he complaint does not adequately allege that looking at a webpage is a communication.); *AHA Decision*, 2024 WL 3075865 at *2-3, *11-12, *13 (substantially the same holding).

### 2.     *Plaintiff's Public Disclosure Of Private Facts Claim Still Fails.*

"To prevail on a public disclosure of private facts claim, a plaintiff must prove that the defendant (1) intentionally disclosed private facts; (2) that were not of legitimate concern to the public; (3) which disclosure would be highly offensive to a reasonable person." *Armijo*, 2012 WL

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS AND TO STRIKE
CERTAIN CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)

9

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

2576624 at *2 (citation omitted).

In previously dismissing Plaintiff's public disclosure of private facts claim, the Court held: "The disclosure of PHI or PII to Facebook and Google, as Plaintiff alleges, does not meet this standard of publicity." Dkt. 32 at 19:9-10. It is axiomatic that Plaintiff's new allegation that her information was also disclosed to Instagram (SAC ¶¶ 49, 57), a subsidiary of Meta, cannot salvage her claim. And as this Court previously explained, such conclusory allegations are insufficient to state an invasion of privacy claim. Dkt. 32 at 19:15-18 ("While Plaintiff makes conclusory allegations that Facebook sells the Private Information it obtains from Defendant to additional third-party marketers… she does not offer any factual support for these claims…").

Separately, this Court previously dismissed Plaintiff's public disclosure of private facts claim because "Plaintiff does not allege that the information shared by Defendant will become available to the public *at large*; to the contrary, Plaintiff alleges that the information is shared with Facebook and, in turn, is being used by Facebook to target Plaintiff herself." *Id.* at 19:15-22 (emphasis original). Plaintiff's SAC similarly does not allege any additional facts showing that her information was shared to the "public at large," and thus fails. All Plaintiff has alleged is that Overlake embedded third-party source code on its public website. What Meta and/or Google may or may not do with any information derived from the Pixels, is not only speculative, but irrelevant as to whether *Overlake* publicized any of Plaintiff's information.

Finally, the Court previously held: "Even if the alleged disclosure was considered public disclosure, Plaintiff has not adequately identified the personal PHI she alleges was publicized for the Court to determine whether any such disclosure would be highly offensive to a person with ordinary sensibilities." Dkt. 32 at 19:23-20:4 (citation omitted). Because Plaintiff has still not pled facts showing what PHI of hers was actually publicized her public disclosure of private facts claim should be dismissed.

### E.  Plaintiff Still Fails to State a Breach of Implied Contract Claim (Count III)

Under Washington law, a contract implied in fact is an agreement depending for its existence on some act or conduct of the party sought to be charged and arising by implication from

---

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS AND TO STRIKE
CERTAIN CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)

10

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

1  circumstances which, according to common understanding, show a mutual intention on the part of

2  the parties to contract with each other. *Johnson v. Nasi*, 50 Wn. 2d 87, 91 (1957). The services

3  must be rendered under such circumstances as to indicate that the person rendering them was

4  expected to be paid therefor, and that the recipient expected, or should have expected, to pay for

5  them. *Id*.

6          Plaintiff still fails to allege the existence of a valid contract, supported by mutual assent

7  and consideration. Plaintiff still alleges that she entered into an unspecified contract for "services"

8  rendered by Overlake. SAC ¶ 209. As this Court already held, this is "insufficient to allege the

9  existence of an implied contract." Dkt. 32 at 21:17-20. The Court had dismissed the implied

10 contract claim for failure to state "any additional allegations regarding any consideration received

11 by Defendant for its promise to safeguard Plaintiff's information." *Id*. at 22:1-3. Plaintiff's SAC

12 fares no better, as Plaintiff fails to allege any additional consideration.

13         The Court also explained: "Plaintiff alleges no invitation or solicitation by Defendant that

14 it implicitly assented to secure PHI and PII in exchange for renumeration." *Id*. at 23:12-14. Plaintiff

15 still fails to plead facts showing any such invitation or solicitation by Overlake. Plaintiff's

16 additional allegation that she paid medical bills (SAC ¶ 27) does not salvage her claim because

17 ***she fails to allege facts showing that she made such a payment in consideration for Overlake's***

18 ***promise to safeguard her PHI or PII****. See In re Mednax Services, Inc., Customer Data Security*

19 *Breach Litig.*, 603 F. Supp. 3d 1183, 1221 (S.D. Fla. 2022) ("Plaintiff['s] allegations reveal only

20 that [she] provided [her] personal information as required to receive healthcare services from

21 Defendant[]-not data security services beyond the privacy requirements already imposed on

22 Defendant[] by federal law."); *Lovell v. P.F. Chang's China Bistro, Inc.*, No. C14-1152RSL, 2015

23 WL 4940371, at *7 (W.D. Wash. Mar. 27, 2015) (dismissing breach of implied contract claim

24 where implied contract could only relate to provision and payment of food, and not data security);

25 *Doe v. Adams County Memorial Hosp., et al.*, No. 01D01-2311-PL000017, at 13 (Ind. Cir. Ct. July

26 10, 2024) (dismissing implied contract claim for lack of consideration because plaintiff's "payment

27

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS AND TO STRIKE
CERTAIN CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)                              11                    BAKER & HOSTETLER LLP
                                                                     999 Third Avenue, Suite 3900
                                                                     Seattle, WA  98104-4040
                                                                     Telephone:  (206) 332-1380

for services is not consideration for a data-security contract related to use of the Website.").[2]

Finally, the damages Plaintiff seeks are not recoverable in contract. This Court recognized that "courts within this circuit have dismissed cases where, like here, plaintiff's injury is based on 'the loss of the inherent value of their personal data,' as well as where it was undisputed that plaintiffs paid no money to the defendant." *B.K. v. Eisenhower Med. Ctr.*, No. 23-2092, 2024 WL 878100, at *6 (C.D. Cal. Feb. 29, 2024) (quoting *Doe v. Meta Platforms, Inc.*, No. C22-3580, 2023 WL 5837443, at *15 (N.D. Cal. Sept. 7, 2023)); *see also Saeedy v. Microsoft Corp.*, No. C23-1104, 2021 WL 8828852, at *6 (W.D. Wash. Dec. 21, 2023) ("Plaintiffs must show that they personally lost money or property as a result of Microsoft's conduct."). Plaintiff still fails to plead facts that she personally lost money or property and has still "made no allegations that she ever paid" Overlake for the alleged safeguarding of her PHI or PII, as required. Dkt. 32 at 24:20-21.

### F.    Plaintiff Still Fails to State an Unjust Enrichment Claim (Count IV)

To state a claim for unjust enrichment, Plaintiff must plead sufficient facts showing (1) Overlake received a benefit, (2) at Plaintiff's expense, and (3) the circumstances make it unjust for Overlake to retain the benefit without payment. *Young v. Young*, 164 Wn. 2d 477, 484 (2008); *see also In re MCG Health Data Sec. Issue Litig.*, No. C22-0849, 2023 WL 3057428, at *5 (W.D. Wash. Mar. 27, 2023).

In previously dismissing Plaintiff's unjust enrichment claim, the Court held: "Plaintiff fails to adequately plead either a concrete detriment or that the circumstances in this case make it unjust for Defendant to retain any benefit conferred." Dkt. 32 at 26:1-2. The Court explained that "generic[] conten[tions]" or "vague assertions" of various purported detriments do not suffice. *Id.* at 26:3-13. Plaintiff nevertheless adds conclusory allegations in her SAC without factual support that Overlake received a benefit to "optimize its website and advertising campaigns, [and] increasing the profitability of the company…." SAC ¶¶ 218-219. Plaintiff still fails to provide "any factual support" for her "vague assertions." Dkt. 32 at 26:7-8. Plaintiff still "does not specifically

---

[2] Additionally, as this Court previously held, Overlake's Notice of Privacy Practices, which is already required under federal law, cannot form the basis of an implied contract. Dkt. 32 at 23-24 (discussing cases).

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS AND TO STRIKE
CERTAIN CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)

12

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

1   contend that she spent any time undertaking data security measures, resetting account passwords,

2   or monitoring bank statements for unauthorized account use . . ." *Id.* at 26:9-11.

3       Plaintiff merely adds a paragraph describing her medical history. SAC ¶ 45. Notably,

4   Plaintiff fails to specify what information, if any, was actually disclosed to any third party. Instead,

5   Plaintiff adds a conclusory allegation that she "research[ed] her medical conditions and symptoms

6   via the search bar" on Overlake's **public** website (*id.* ¶ 46), that "she communicated her PHI" (*id.*

7   ¶ 47), and that after using Overlake's **public** website "in relation to" a medical event, she received

8   advertisements (*id.* ¶ 57). These conclusory allegations are insufficient to show that Plaintiff

9   suffered a concrete detriment, that Overlake received any benefit, or that the circumstances make

10  it unjust for Overlake to retain any benefit.

11  **G.   The Court Should Dismiss or Strike Plaintiff's Breach of Fiduciary Duty (Count V) and Violation of RCW 7.70 (Count VI) Claims Because They Exceed the Scope of This Court's Order**

12

13      This Court's May 13, 2024 Order granted Plaintiff leave to amend certain *specific* causes

14  of action that she plead in her original complaint.[3] Now, for the first time, Plaintiff impermissibly

15  pleads two new causes of action: breach of fiduciary duty (SAC ¶¶ 223 – 230) and violation of

16  RCW §§ 7.70 *et seq.* (*id.* ¶¶ 268 – 275).[4]

17      Fed. R. Civ. P. 15(a)(2) makes clear that "a party may amend its pleading only with the

18  opposing party's written consent or the court's leave." Plaintiff did not obtain Overlake's consent

19  nor leave from the Court to add these two new claims. Simply put, Plaintiff "exceeded the scope

20  of leave to amend that the [C]ourt granted" when she pleaded these two new causes of actions.

21  *Hover v. GMAC Mortg. Corp.*, No. C16-1243-JLR, 2017 WL 1080968, at *3 (W.D. Wash. Mar.

22  21, 2017). Washington courts routinely strike causes of action that are added in this stage of

23  litigation without leave to amend, or without opposing party's consent. *See e.g.*, *Hover*, 2017 U.S.

24  WL 1080968 at *3 (striking newly added cause of action); *Expeditors Int'l of Wash. Inc. v. Santilla*,

25  No. 2:20-cv-00349-LK, 2023 WL 8449165, at *3-4 (W.D. Wash. Dec. 6, 2025) (striking newly

26

27  [3] *See e.g.*, Dkt. 32 at 16:7, 20:5-6, 24:22-23, 27:15-16, 30:7, 32:9, 33:22.
    [4] Plaintiff also added new allegations regarding a new technology, Google Analytics, that exceeded the scope of this Court's May 13, 2024 Order. *See, e.g.*, SAC ¶¶ 3, 121.

1    added causes of action without leave to amend). This Court should do the same and strike

2    Plaintiff's breach of fiduciary duty and violation of RCW §§ 7.70 claims pursuant to Fed. R. Civ.

3    P. 12(f). *Id.*

4    **H.    <u>Plaintiff Fails to State A Claim For Breach of Fiduciary Duty (Count V)</u>**

5          Plaintiff's breach of fiduciary duty claim should be stricken for being added outside the

6    scope of the Court's prior leave to amend. *See supra* 13. Regardless, to state a claim for breach of

7    fiduciary duty, a plaintiff must show "(1) existence of a duty, (2) breach of that duty, (3) resulting

8    injury, and (4) that the claimed breach proximately caused the injury." *Priv. Client Fiduciary Corp.*

9    *v. Pham Singh Chopra*, No. 22-CV-00436-LK, 2023 WL 2372917, at *6 (W.D. Wash. Mar. 6,

10   2023) (internal quotations omitted). Because Plaintiff fails to establish any of these elements, the

11   Court should dismiss this claim.

12         Plaintiff claims that "[a] fiduciary relationship involving every element of trust,

13   confidence, and good faith existed between Plaintiff and Class Members, and Defendant." SAC ¶

14   224 (internal quotations omitted). Overlake allegedly "breach[ed] the fiduciary duty owed to

15   Plaintiff and Class Members by deliberately configuring the Tracking Tools on its digital platforms

16   to track, record, and transmit parties' Private Information to unauthorized third parties, and thereby

17   failing to act with the utmost good faith, fairness, and honesty, in its dealings with its patients." *Id.*

18   ¶ 228.

19         First, this Court already rightly dismissed *with prejudice* Plaintiff's breach of confidence

20   claim explaining that Washington does not recognize such a claim. Dkt. 32 at 8-20. Thus, to the

21   extent Plaintiff's breach of fiduciary duty claim is impermissibly predicated on a duty of

22   confidence and confidentiality, (SAC ¶ 229(a)), it fails for the same reason as this Court already

23   noted: there is no common law duty of confidentiality in Washington concerning medical

24   information. Dkt. 32 at 26:7-8.

25         To the extent Plaintiff's breach of fiduciary duty claim is predicated on the HIPAA (SAC

26   ¶¶ 134-141, 157, 229), this federal statute is administrative in nature—it provides rules for hospital

27   systems to conform to or face administrative penalties. *See generally* Pub. L. 104–191, 110 Stat.

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS AND TO STRIKE
CERTAIN CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)

14

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

1936. It does not permit a private cause of action and, therefore, cannot be found to establish any duty owed by Overlake to Plaintiff. *See Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1080 (9th Cir. 2007); *Towles v. Dzurenda*, 735 Fed. Appx. 440, 440 (9th Cir. 2018) (finding the district court properly dismissed claim alleging HIPAA violations because "there is no private right of action under the statute."); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010) (same); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010) (finding HIPAA does not create a private right of action for alleged disclosures of confidential medical information).

Moreover, Washington courts require a special relationship "of trust and confidence" to give rise to a fiduciary duty. *Favors v. Matzke*, 53 Wn.App. 789, 796 (1989). Such a special relationship arises "where one party is relying upon the superior specialized knowledge and experience of the other…where a seller has knowledge of a material fact not easily discoverable by the buyer… and where the exists a statutory duty to disclose…." *Id*. (internal citations omitted). No such special relationship exists here and in fact, no Washington Court has recognized such a special relationship between a hospital/website operator and a person browsing its public website.

Second, as detailed throughout this Motion, the SAC does not state facts showing that Overlake breached any duty, *i.e.,* disclosed any Plaintiff's medical information or the content of any confidential communications with her medical providers.

Finally, as explained throughout this Motion, Plaintiff has failed to establish any damages resulting from any alleged breach.

## I.      Plaintiff Fails to State a Violation of RCW §§ 7.70 *et seq.* (Count VII)

Should this Court not strike Plaintiff's newly added cause of action for "injuries resulting from health care" (RCW § 7.70.010), this claim for medical negligence or malpractice still fails. A claim under RCW § 7.70 *et seq*., it "requires a showing of duty, breach, and proximate causation. Mere negligence alone does not give rise to liability, rather, the negligence must have caused the injury." *Stevens v. Pierce Cnty*., No. C22-5862-BHS, 2023 WL 5177915, at *6 (W.D. Wash. Aug. 11, 2023).

In this case premised on ***public website browsing data***, there is no precedent to recognize

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS AND TO STRIKE
CERTAIN CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)

15

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

an "accepted standard of care," *i.e.*, duty, of a health care provider (RCW § 7.70.030) **in its capacity as a website operator** (much less in the alleged use of third-party website analytics to anonymously enhance patient services). Virtually all of the case law interpreting RCW § 7.70 *et seq.* concerns a health care provider or physician's *actual malpractice*, not use of website analytics. Courts even refer to this statute as the "medical malpractice statute." *Bundrick v. Stewart*, 128 Wn. App. 11, 16 (2005). Moreover, courts have specifically defined "health care" as a "process in which physician is utilizing skills which he or she had been taught in examining, diagnosing, treating or caring for plaintiff as his or her patient." *Wright v. Jeckle*, 104 Wn. App. 478, 481 (2001), as amended on reconsideration in part (Mar. 6, 2001). This is not a medical malpractice case. This is not a case involving "health care" under the statute, because it has nothing to do with the diagnosis, treatment, or care of a patient. *Id*. This Court should not allow Plaintiff to expand the scope of this statute to encompass these internet privacy claims (*id*.), especially since Washington courts "adhere[] to the principle of statutory construction [that] status in derogation of the common law must be construed narrowly." *King Cnty. v. Travelers Indem. Co*., No. C14-1957 MJP, 2015 WL 1867098, at *2 (W.D. Wash. Apr. 23, 2015) (internal quotations and citation omitted).

Plaintiff's claim for medical malpractice or negligence otherwise fails for the same reasons that Plaintiff's negligence claim fails. *See supra* at 5-6. Namely, Plaintiff fails to plead facts showing that any PHI was plausibly transmitted to any third party (as a result of her use of Overlake's public website), and thus has failed to allege an injury as a result of health care. RCW § 7.70.030. Instead, Plaintiff alleges in conclusory fashion she was injured when Overlake "depart[ed] from the accepted standard of care . . . in installing and configuring Track Tools on its digital platforms to record, store, and transmit patient information for the purpose of increasing profitability." SAC ¶ 271. Plaintiff's conclusory allegation is insufficient to establish a breach of any purported duty.

Similarly, Plaintiff fails to plead *facts* (as opposed to conclusory allegations) demonstrating any injury. *See, e.g.*, SAC ¶ 275 ("Defendant's departure from the standard of care is the direct

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS AND TO STRIKE
CERTAIN CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)

16

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

and proximate cause of the injuries incurred by Plaintiff….").

**J.**    **Plaintiff Still Fails To State A Claim For Violation Of The Electronic Communications Privacy Act ("ECPA") (Count VI)**

A claim under the ECPA (18 U.S.C. § 2510, *et seq*.) "requires a showing that the defendant (1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication, (5) using a device." *In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836, 844 (N.D. Cal. 2017) (internal quotation marks omitted).

**1.**    *Plaintiff Fails To Allege Any Unlawful Interception.*

This Court dismissed Plaintiff's ECPA claim on the ground that (a) the party exception to the ECPA applies (because Overlake was a party to the alleged communications), and (b) Plaintiff failed to plead facts showing that Overlake "intercepted the communication *for the purpose of a tortious or criminal act that is independent of the intentional act of recording or interception itself."* Dkt. 32 at 29:5-12 (citing *Eisenhower*, 2024 WL 878100, at *5, and *Pena v. GameStop*, 670 F. Supp. 3d 1112, 1119 (S.D. Cal. 2023)) (emphasis added). The Court explained:

> Plaintiff argues that Overlake's "act of recording Plaintiff's and Class Members' communications" is distinct from the transmission of those communications to third parties, and that such transmission is an independent tortious or criminal act. . . . But "Plaintiff points to no legal authority providing that the exception to § 2551(2)(d) is triggered when, as here, the tortious conduct is the alleged wiretapping itself." *Pena*, 670 F. Supp. 3d at 1119 ... *Pena* is instructive here: in *Pena*, plaintiffs alleged that GameStop covertly created secret transcripts of all communications through the chat feature on its website, which it then shared with Zendesk, a third party that harvests highly personal data from chat transcripts for sales and marketing purposes. *Id.* at 1115. The alleged conduct in *Pena* was significantly more bifurcated than the conduct alleged here, where Plaintiff alleges the simultaneous transmission of communications to third parties like Facebook (*see* Dkt. No. 1 ¶ 61), yet the court declined to distinguish between the act of recording and the act of transmitting. *Pena*, 670 F. Supp. 3d at 1120. Further, the "criminal or tortious acts contemplated by § 2511(2)(d) are acts secondary to the acquisition of the communication involving tortious or criminal use of the interception's fruits." *Id*… Plaintiff fails to plead a tortious or criminal use of the acquired communications, separate from the recording, interception, or transmission.

Dkt. 32 at 29:13-30:6.

The SAC still suffers from the same fatal defect, that Plaintiff's ECPA claim against Overlake is tethered to the alleged transmission of browsing activities on the Overlake public website, not any other independent tortious or criminal act. *See, e.g.,* SAC ¶ 78 (alleging Overlake "intercepted and transmitted" alleged communications "via the Pixel"); *see also id*. ¶ 213. Plaintiff does not, and cannot, plead any new facts demonstrating Overlake's "tortious or criminal use of the acquired communications, separate from the recording, interception, or transmission." Dkt. 32 at 30:4-5. "For this reason, the tortious or criminal act exception does not apply here." *Id*. at 30:5-6. The ECPA claim therefore should be dismissed as a matter of law and with prejudice, as further amendment would be futile. *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 275 (3d Cir. 2016); *In re Google Cookie Placement*, 806 F.3d 125, 142-43 (3d Cir. 2014); *In re Facebook Priv. Litig.*, 791 F. Supp. 2d 705, 713 (N.D. Cal. 2011).

### 2. *There Can Be No Civil Liability for Allegedly "Procur[ing]" or Aiding and Abetting an Alleged Interception Through the Pixels.*

Plaintiff's ECPA claim further fails as a matter of law because it is dependent on allegations that Overlake "procure[d]" an alleged interception by Meta through the use of the Pixel. *See, e.g.*, SAC ¶ 246. Indeed, all of Plaintiff's underlying allegations identify Meta or Google – not Overlake – as the party that allegedly intercepted Plaintiff's communications through its source code on the Overlake public website. *Id*. ¶¶ 3, 10, 35, 107. These allegations *independently warrant* dismissal of Plaintiff's ECPA claim.

The ECPA's private right of action is found in 18 U.S.C. § 2520, which creates a scope of civil liability that is narrower than the criminal liability provision codified in Section 2511. Section 2520(a)'s plain, unambiguous language creates a private civil cause of action only against the person who engages in an unlawful interception, disclosure, or intentional use of wire, oral or electronic communication – not against any other person for procuring, enabling, aiding or abetting another's interception of such. *See, e.g., Kirch v. Embarq Mgmt. Co.*, 702 F.3d 1245, 1246-47 (10th Cir. 2012) (holding that there is no civil ECPA claim for "procuring" or "aiding and abetting"

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS AND TO STRIKE
CERTAIN CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)

18

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

an interception); *Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 169 (5th Cir. 2000) (same).

Courts within the Ninth Circuit are in accord. *In re Toys Rus, Inc., Privacy Litig.*, No. 00-CV-2746, 2001 WL 34517252, at *7 (N.D. Cal. Oct. 9, 2001) (finding the ECPA "does not provide a cause of action against aiders and abetters," and, that plaintiffs could not proceed against under this theory."); *In re Carrier IQ, Inc., Consumer Privacy Litig.*, 78 F. Supp. 3d 1051, 1089 (N.D. Cal. 2015).

Because the ECPA does not provide a private cause of action against an entity that is alleged to have procured or aided and abetted another party to intercept a communication, Plaintiff's ECPA claim should be dismissed as a matter of law.

### 3.   *Plaintiff Fails To Allege Any Plausible Interception of "Contents".*

Plaintiff's ECPA claim further fails because Plaintiff has not pled facts showing that the "contents" of any communications were disclosed to Meta and/or Google. Under the ECPA, the "contents" of a communication are defined as "any information concerning the substance, purport, or meaning of that communication." 18 U.S.C. § 2510(8). Courts distinguish between "content" and "record" information. *See In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106–07 (9th Cir. 2014) (in the ECPA "the term 'contents' refers to the intended message conveyed by the communication, and does not include record information regarding the characteristics of the message that is generated in the course of the communication" such as a name, address, or the identity of a subscriber or customer).

In *Facebook Internet Tracking Litig.*, the court held that a URL sent to Meta by a user's browser does not qualify as "contents" of a "communication" under the ECPA because it is nothing more than "record information regarding the characteristics of the message that is generated in the course of the communication.'" 140 F. Supp. 3d 922,  935 (N.D. Cal. 2017) (citation omitted). The court emphasized that "[p]laintiff may never be able to state [a] Wiretap Act claim, particularly since their arguments on this issue are so unpersuasive." *Id.* By definition, a URL does not convey the "meaning" of the communication with the host server; it simply identifies the location of the requested webpage on the Internet. In *Zynga,* the Ninth Circuit explained that a URL could disclose

---

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS AND TO STRIKE
CERTAIN CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)

19

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

that a person viewed the "page of a gay support group," yet the court still held that such URLs "function[] like an 'address,'" not "contents" of a communication. 750 F.3d at 1107.

In dismissing the original complaint, the Court also made clear "the disclosure of browsing activity on a publicly available website that does not relate to 'to the past, present, or future physical or mental health or condition of an individual is not actionable." Dkt. 32 at 9:19-2. *See also Smith v. Facebook, Inc.*, 745 F. App'x 8, 9 (9th Cir. 2018) ("the connection between a person's browsing history [on a public hospital website] and his or her own state of health is too tenuous."); *Smith I*, 262 F. Supp. 3d at 954-55 (same). At best, the information allegedly collected and disclosed is the same type of "extrinsic information used to route a communication" that courts have repeatedly concluded does not constitute "contents" under wiretap statutes. *Google Cookie Placement*, 806 F.3d at 135.

Plaintiff's SAC—focusing exclusively on Overlake's public website—still fails to allege any facts showing that the substantive contents of her alleged communications have ever been transmitted to Meta and/or Google. Plaintiff parroting the legal conclusion that patients' "medical information" or "protected health information" or "PHI" are transmitted to Meta and/or Google, without alleging any facts in support (*see, e.g.,* SAC ¶¶ 24, 27, 47, 48, 51, 191, 192, 229, 243), is insufficient as a matter of law. *See, e.g., Iqbal*, 556 U.S. at 678; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 225 (3d Cir. 2011) (rejecting allegations that the defendant "regularly and unlawfully shared highly confidential information" related to customers as conclusory in nature); *Rodriguez v. Google LLC*, No. 20-CV-04688-RS, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022) ("Using the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make it plausible Google is intercepting their data in transit."). Plaintiff merely restates how she used the public website (SAC ¶¶ 46, 111-102), not what substantive contents of Plaintiff's actual communications were intercepted, and she otherwise does not allege how the contents of her own communications were sent to Meta and/or Google.

**K.**     **Plaintiff Still Fails to State a Violation of the WCPA (Count VIII)**

The Washington Consumer Protection Act, Wash. Rev. Code Ann. §§ 19.86.020, *et seq.*

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS AND TO STRIKE
CERTAIN CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)

20

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

1    ("WCPA") provides that "[u]nfair methods of competition and unfair or deceptive acts or practices

2    in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020. To

3    prevail on a private CPA claim, a plaintiff must prove (1) an unfair or deceptive act or practice,

4    (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's

5    business or property, and (5) causation. *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105

6    Wn. 2d 778,784 (1986).

7         The Court previously dismissed Plaintiff's WCPA claim because Plaintiff had failed to

8    specifically allege injury. Dkt. 32 at 33:8-21 ("[W]ithout more specific allegations, her CPA claim

9    cannot survive."). The Court provided examples of "specific allegations" from a data breach case

10   (*id.* at 33:10-19), but Plaintiff did not include any similar allegations in her SAC.

11        In particular, Plaintiff has still failed to establish injury to her business or property. "To

12   establish standing for their claims of loss of value in their data as property, Plaintiffs must show

13   that they personally lost money or property as a result of Microsoft's conduct." *Saeedy*, 2021 WL

14   8828852 at *6 (precluding WCPA claim). "Without a showing of injury, there is no remedy under

15   the Consumer Protection Act." *Ledcor Indus. (USA), Inc. v. Mutual of Enumclaw Ins. Co.*, 150

16   Wn. App. 1, 12-13 (2009); *Gragg v. Orange Cab Co.*, 942 F. Supp. 2d 1111, 1118-19 (W.D. Wash.

17   2013) ("invasion of privacy is a 'personal' injury, rather than a 'business or property' injury,

18   *Panag*, 166 W[n].2d at 57, 204 P.3d 885, because the concept of privacy by its very nature is

19   inherently person, not pecuniary.").

20        Indeed, personal injuries, as opposed to injuries to business or property, are not

21   compensable and do not satisfy the injury requirement for a claim for unfair or deceptive conduct

22   under Washington's Consumer Protection Act. *Robertson v. GMAC Mortg. LLC*, 982 F. Supp. 2d

23   1202 (W.D. Wash. 2013), affirmed on other grounds 702 Fed. App'x. 595 (2017), *certiorari denied*

24   138 S. Ct. 1289 (2018); *Dinerstein v. Google, LLC*, 73 F.4th 502, 518 (7th Cir. 2023) (finding a

25   patient does not have a property interest in their medical records; "they instead belong to the

26   medical provider."). Accordingly, the WCPA claim should be dismissed without leave to amend.

27        Courts have also routinely rejected the "loss of value in PII" theory of injury when the

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS AND TO STRIKE
CERTAIN CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)                    21                 BAKER & HOSTETLER LLP
                                                        999 Third Avenue, Suite 3900
                                                        Seattle, WA  98104-4040
                                                        Telephone:  (206) 332-1380

plaintiff, like Plaintiff here, does not "contend that [they] intended to sell this information on the cyber black market in the first place" and does not provide any facts as to "whether or how the data has been devalued by the breach." *In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.* ("SAIC"), 45 F. Supp. 3d 14, 30 (D.D.C. 2014); *Corona v. Sony Pictures Entm't, Inc.*, No. 14-CV-09600 RGK EX, 2015 WL 3916744, at *4 (C.D. Cal. June 15, 2023) (rejecting claim that "an individual's personal identifying information has any compensable value in the economy at large"); *Doe v. Google LLC*, No. 23-cv-02431-VC, 2024 WL 3490744, at *7 (N.D. Cal. July 22, 2024) (just because Plaintiffs' information "'is valuable in the abstract,' and simply because a company 'might have made money from it,' that does not mean that the plaintiff has 'lost money or property as a result.'") (internal citation omitted); *Fero v. Excellus Health Plan, Inc.*, 236 F. Supp. 3d 735, 755 (W.D.N.Y. 2017) ("Courts have routinely rejected the proposition that an individual's personal identifying information has an independent monetary value."); *Khan v. Children's Nat'l Health Sys.*, 188 F. Supp. 3d 524, 531 (D. Md. 2016) (rejecting, in standing context, diminution in value theory because plaintiff did not "explain how the hackers' possession of that information ha[d] diminished its value, nor d[id] she assert that she would ever actually sell her own personal information"); *Green v. eBay Inc.*, No. 14–1688, 2015 WL 2066531, at *5 n.5 (E.D. La. May 4, 2015) (finding, in the standing context, that "[e]ven if the Court were to find that personal information has an inherent value and the deprivation of such value is an injury sufficient to confer standing, Plaintiffs have failed to allege facts indicating how the value of his personal information has decreased as a result of the Data Breach."); *Doe v. Meta Platforms, Inc.*, 2023 WL 5837443 at *17 (dismissing UCL claim "in light of the inconsistent allegations regarding how plaintiffs could *and* would participate in a legitimate market for health care information".) (emphasis original); *Moore v. Centrelake Med. Grp., Inc.*, 83 Cal. App. 5th 515, 538 (2022), review denied (Dec. 14, 2022) (finding plaintiffs did not have UCL standing because "[t]hey did not allege they ever attempted or intended to participate in this market, or otherwise to derive economic value from their PII. Nor did they allege that any prospective purchaser of their PII might learn that their PII had been stolen in this data breach and, as a result, refuse to enter into a

DEFENDANT OVERLAKE HOSPITAL MEDICAL CENTER'S MOTION TO DISMISS AND TO STRIKE CERTAIN CLAIMS UNDER RULE 12(F) (2:23-CV-01159-TL)

22

BAKER & HOSTETLER LLP 999 Third Avenue, Suite 3900 Seattle, WA 98104-4040 Telephone: (206) 332-1380

1    transaction with them, or insist on less favorable terms.").

2    **IV.    <u>CONCLUSION</u>**

3          Overlake respectfully asks the Court to grant its motion to dismiss the SAC with prejudice.

4

5

6          DATED this September 6, 2024.

7                                              *s/ Alexander Vitruk*
                                         Alexander Vitruk, WSBA No. 57337
8                                         Logan F. Peppin, WSBA No. 55704
                                         BAKER & HOSTETLER LLP
9                                         999 Third Avenue, Suite 3900
                                         Seattle, WA  98104-4076
10                                        Phone: (206) 332-1380
                                         E-mails: avitruk@bakerlaw.com
11                                                   lpeppin@bakerlaw.com

12                                        Paul G. Karlsgodt, WSBA No. 40311
                                         Baker & Hostetler LLP
13                                        1801 California Street, Suite 4400
                                         Denver, CO 80202
14                                        Tel: (303) 861-0600
                                         Fax: (303) 861-7805
15                                        E-mail: pkarlsgodt@bakerlaw.com
                                         *Attorneys for Defendant*
16

17                                        *I certify that this document contains 8,148 words, in*
                                         *compliance with the Local Civil Rules.*

18

19

20

21

22

23

24

25

26

27

DEFENDANT OVERLAKE HOSPITAL MEDICAL            23          BAKER & HOSTETLER LLP
CENTER'S MOTION TO DISMISS AND TO STRIKE                  999 Third Avenue, Suite 3900
CERTAIN CLAIMS UNDER RULE 12(F)                           Seattle, WA  98104-4040
(2:23-CV-01159-TL)                                        Telephone:  (206) 332-1380

1

**CERTIFICATE OF CONFERRAL**

2

Consistent with the Court's Standing Order, Section II(D), Clint Watson, counsel for

3

Plaintiff Jacq Nienaber, and Alexander Vitruk, counsel for Overlake, engaged in a Teams meet-

4

and-confer on September 4, 2024 in order to thoroughly discuss the substance of Overlake's

5

contemplated motion to dismiss. Counsel thoroughly discussed the substance of the contemplated

6

motion but the parties were unable to come to a resolution.

7

_s/Alexander Vitruk_
Alexander Vitruk

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS AND TO STRIKE
CERTAIN CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)

24

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Andrew A. Lemmon
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
16212 Reitan Road NE
Bainbridge Island, WA 98110
E-mail: alemmon@milberg.com

☒ Via e-Service
☒ Via Email
☐ Via Hand-Delivery
☐ Via Overnight Courier
☐ Via U.S. Mail

Gary M. Klinger
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
E-mail: gklinger@milberg.com

☒ Via e-Service
☒ Via Email
☐ Via Hand-Delivery
☐ Via Overnight Courier
☐ Via U.S. Mail

Terence R. Coates (pro hac vice)
Jonathan T. Deters (pro hac vice)
MARKOVITS, STOCK &
DEMARCO, LLC
119 E. Court Street, Suite 530
Cincinnati, OH  45028
Phone: (513) 651-3700
Fax: (513) 665-0219
Emails: tcoates@msdlegal.com
           dgould@msdlegal.com

☒ Via e-Service
☒ Via Email
☐ Via Hand-Delivery
☐ Via Overnight Courier
☐ Via U.S. Mail

*Attorneys for Plaintiff and the Putative Class*

DATED:  September 6, 2024

*s/ Pandy Savage McVay*
Pandy Savage McVay Legal Assistant

DEFENDANT OVERLAKE HOSPITAL MEDICAL
CENTER'S MOTION TO DISMISS AND TO STRIKE
CERTAIN CLAIMS UNDER RULE 12(F)
(2:23-CV-01159-TL)

25

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380